[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This memorandum of decision constitutes a determination by this court of four appeals from four separate decisions by the Freedom of Information Commission (FOIC) involving complaints filed by the plaintiff C.J. Mozzochi against the town of Glastonbury in 1992.
It is also a determination of a lawsuit #CV93 0528104 which is an action by the town of Glastonbury seeking an injunction against Mozzochi pursuant to General Statutes §§ 1-21i(b) and 1-211.
All five of these actions have been consolidated for decision by this court.
FACTUAL BACKGROUND
The genesis of the appeals stems from the many requests CT Page 10364 filed by the plaintiff with the town of Glastonbury seeking information involving the production of thousands of documents and requiring hundreds of hours of work for compliance. All in all, the plaintiff made seventy-nine such requests which were often punctuated with profane and vulgar language. The requests were often accompanied by obscene drawings. They include a demand for the production of twelve years of police logs, records of lawsuits for four years, bank statements, health code violations, building permits, etc.[1]
The FOIC found the plaintiffs claimed need for the information for "statistical sampling" not to be credible. It further found in all of the appeals that the plaintiff's requests were unreasonable, that he was "at war" with the Town, that such appeals were frivolous and that they were brought solely for the purpose of harassing the Town.
The injunction action was brought subsequent to the enactment of Public Act 93-191, now codified as General Statutes § 1-211. This act permits the bringing of such an action against an individual whom the FOIC has determined has filed a request which would perpetrate an injustice or constitute an abuse of the Commission's administrative process.
The FOIC made such a determination as a result of three additional complaints filed by the plaintiff in 1993 (subsequent to the effective date of the act) wherein the FOIC declined to schedule hearings on those complaints for precisely those reasons. A temporary injunction was issued by this court (Maloney, J.). At the hearing on the permanent injunction none of the parties sought to introduce additional evidence, but instead, relied on all of the evidence contained in the records of the four administrative appeals consolidated with the injunction action.
In his appeals to this court the plaintiff claims that the FOIC, in its decisions, was arbitrary, capricious and in abuse of its discretion. He also claims constitutional violations of his civil and political rights and due process of law.
In the action for an injunction Mozzochi claims that Public Act 93-191 is unconstitutional. CT Page 10365
The court is of the opinion that all of the underlying issues in each of these appeals is the same.
LAW AND CONCLUSION
 A. The Administrative Appeals
These appeals involve the interaction of the following statutes enacted by the legislature to provide to the public general access to public documents counterbalanced by an equally strong public policy against harassment of public agencies by individuals whose motivation is purposeless and abusive of the statutes providing for access.
General Statutes § 1-19 (a) of the Freedom of Information Act provides, in relevant part, "[e]xcept as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records . . . ." Section 1-19b(a) underscores this broad mandate by requiring that § 1-19 be "[c]onstrued as requiring each public agency to open its records concerning the administration of such agency to public inspection." There is an "`overarching policy' underlying the Freedom of Information Act (FOIA) favoring the disclosure of public records . . . Our construction of the FOIA must be guided by the policy favoring disclosure, and exceptions to disclosure must be narrowly construed." (Citations and internal quotation marks omitted).Superintendent of Police v. Freedom of Information Commission,222 Conn. 621, 626 (1992).
General Statutes § 1-21; b), in effect when these decisions were rendered, provided in relevant part:
 if the Commission finds that a person has taken an appeal to the Commission under this subsection frivolously, without reasonable grounds, and solely for the purpose of harassing the agency . . . it may, in its discretion, impose a civil penalty against such person of not less than twenty dollars, or more than one thousand dollars, after such person has had an opportunity to be heard at a hearing conducted in accordance with Sections CT Page 10366 4-176e to 4-184, inclusive.
Similarly, General Statutes § 52-568 (b), then existing, provided in pertinent part:
 (b) A public agency, as defined in subsection (a) of section 1-18a, may bring an action to the superior court against any person who, within a twenty-four-month period beginning on or after July 7, 1987, commenced and prosecuted at least two appeals before the freedom of information commission under section 1-21i and who was found by the commission in at least two such cases to have brought the appeals (1) frivolously, (2 without reasonable grounds and (3) principally for the purpose of harassing the agency against which the appeals had been taken . . . .
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn.Light Power Co. v. Dept. of Public Utility Control,219 Conn. 51, 57-58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn.Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991).
"The `substantial evidence' rule governs judicial review of administrative factfindings under General Statutes CT Page 10367 § 4-183 . . . An administrative finding is supported by 'substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part Newton v. Keeney, 234 Conn. 312,319 (95), Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, §§ 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board ofEducation v. Freedom of Information Commission, 208 Conn. 442,452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United ParcelService, Inc. v. Administrator, Unemployment Compensation Act,209 Conn. 381, 385 (1988).
It would serve little purpose for this court to serially list and enumerate the items of evidence in the massive record on file with these appeals and injunction action. Reference to them are made, however, in each appeal and are attached to this opinion as footnotes 2-7 thereto.
To summarize, however, this court must conclude that the CT Page 10368 evidence to support the Commission's conclusions in each of these appeals is overwhelming and that the plaintiff has failed to sustain the burden imposed on him by law.
Further, there is no basis in law or in fact to the plaintiff's totally unsupported claim that his constitutional rights were violated.
Each of the administrative appeals, namely, CV93-0525360, CV93-0526450, CV93-0526784 and CV93-0530875 is therefore dismissed.
B. The Injunction Action
As previously stated, this is an action brought by the town of Glastonbury against C.J. Mozzochi pursuant to General Statutes § 52-568 (b) and then P.A. 93-191 (since codified as General Statutes § 1-211). The statute reads as follows:
 Sec. 1-211. Injunctive relief from frivolous, unreasonable or harassing freedom of information appeals. A public agency, as defined in subsection (a) of section 1-18a, may bring an action to the superior court against any person who was denied leave by the Freedom of Information Commission to have his appeal heard by the commission under subsection (b) of section 1-21i because the commission determined and found that such appeal or the underlying request would perpetrate an injustice or would constitute an abuse of the commission's administrative process. The action authorized under this section shall be limited to an injunction prohibiting such person from bringing any further appeal to the commission which would perpetrate an injustice or would constitute an abuse of the commission's administrative process. If, after such an injunction is ordered, the person subject to the injunction brings a further appeal to the Freedom of Information Commission and the commission determines that such appeal would perpetrate an injustice or would constitute an abuse of the commission's administrative process, such person shall be conclusively deemed to have violated the injunction and such agency may seek further injunctive and equitable relief, damages, CT Page 10369 attorney's fees and costs, as the court may order.
As has been previously noted, Mozzochi's four complaints filed in 1992 were dismissed by the FOIC as "having been brought frivolously, without reasonable grounds and solely for the purpose of harassing the (Town)." In 1993, three additional complaints were filed and were declined to be scheduled for hearings by the FOIC because it found that each would perpetrate an injustice and would constitute an abuse of the Commission's process." This action was based on General Statutes § 121i(b)(2) which authorizes such a procedure. The injunction action was filed by the town of Glastonbury following this finding.
The records and findings of all of these actions were made part of the record for the purpose of this action. Mozzochi's defense to this action at oral argument and subsequent brief is that P.A. 93-191 is unconstitutional. His answer and special defense merely deny any wrongdoing on his part.
As has been previously noted by this court and in Judge Maloney's opinion, this action is specifically authorized by General Statutes § 52-568 and P.A. 93-191 (now § 1-211). The plaintiff, of course, has the burden of proof that it has satisfied the statutory mandates for injunctive relief but it need not prove the usual requirements, that it show irreparable harm and lack of an adequate remedy at law.Gelinas v. West Hartford, 225 Conn. 575, 588 (1993),Conservation Commission v. Price, 193 Conn. 414, 429 (1984. See also Farmington v. Via Com Broadcasting, Inc., 10 Conn. App. 190,197, cert denied 203 Conn. 808 (1987).
As has been pointed out by Judge Maloney, the facts in this case are undisputed. The FOIC has made the requisite findings in accordance with the applicable statutory requirements. This court agrees that there is nothing in the factual scenario of this case or in the law which should deny the plaintiff town of Glastonbury the relief requested.
The relief requested is only prospective in nature and seeks to bar only complaints that are frivolous and harassing or would perpetrate an injustice or constitute an abuse of the administrative process. CT Page 10370
Although the defendant Mozzochi made no such claim in his answer or special defense, he has advanced a constitutional challenge to the statute(s) at oral argument and has filed a brief (unauthorized) after the close of oral argument. In his argument on this assertion, Mozzochi makes claims of free speech violations, on infringement on his rights to appeal, and ambiguity in the statute(s). He cites no legal authority for any of them.
Although these constitutional contentions are hardly specific, this court believes them to embody claims of vagueness, first amendment violation, and due process rights (14th amendment), both substantive and procedural.
Interestingly enough these claims were more precisely made by Mozzochi against the same parties in the United States District Court, District of Connecticut, in C.J. Mozzochi v.William Rogers et al., Civil No. 3:93CV1229, Nevas, U.S. District Judge.
In that case Judge Nevas addressed all of the constitutional claims made by the defendant in this case. In a scholarly and well-reasoned opinion Judge Nevas found that: (1) frivolous FOIA requests are not constitutionally protected, that citizens have no right to harass public officials and there is no first amendment violation in the challenged statute; (2) there is no fourteenth amendment violation as to (a) procedural due process. Mozzochi has no liberty or property interests which are violated because the right to harass and abuse is not constitutionally protected and (b) there is no substantive violation because there was no showing of a viable first amendment claim.
The court adopts the holding and opinion by Judge Nevas and concludes that Mozzochi's claims of constitutional violations are without merit.
The temporary injunction previously issued by this court, (Maloney, J.), on December 29, 1993 is hereby made permanent.[2]
Freed, J.
REFERENCES TO RECORD IN SUPPORT OF FOIC FINDINGS
1. As to CV 93-530875
Record items 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, and 15, as identified in the Summary of Record dated November 19, 1993.
2. As to CV 93-525360 (FIC 92-168, 92-276)
Record items 4 (with Exhibits attached), 5, 6, 7, 9, 18, 22, 26, 30, 36, 37, 38, 40-52 (exhibits), 54, 55, 56, 57, 58, 59, 60, 61, 63, 65 and 68, as listed in the FOIC Record Summary for FIC 92-168 dated July 23, 1993; and to Record items 2, 9-30, 33, and 34 as listed in FOIC Record Summary for FIC 92-276 dated July 23, 1993 and the following further evidence:
 Evidence in support of finding #10: R. 5, p. 2 (plaintiff's admission of use of language and threatening newspaper clipping); R. 14, p. 1 (threatening newspaper clipping); R. 13, July 1, 1991 letter (villifying Borden); R. 11 (toilet paper roll cartoon; "Certificate of Upgrade to Complete Asshole"); R. 12, handwritten note dated March 11, 1992 ("What an asshole you are, Dick"); R. 28, first page ("Filthy Piece of Shit Asshole Borden" with illustration);
 in support of finding #11: R. 16, eighth page and following (summary of requests by Mozzochi); R. 19 (various requests); R. 26 (list of requests 1985-1987); R. 30, p. 8 (number of requests between 9/91 and 3/93), p. 26-27 (requests by Zajicek on Mozzochi's behalf), R. 15 (relationship between Zajicek and Mozzochi); CT Page 10373
 in support of finding #12: R. 4; R. 16 (various requests, and summaries of requests); R. 26 (see, e.g., 7-4-87 request, 4-26-87 request, 3-26-87 request, 3-21-87 request, 3-13-87 request, 3-9-87 request, 2-25-87 request, 2-15-87 request, etc.);
 in support of finding #13: R. 16, R. 19 (next to last page); R. 20 (second page, item 5); R. 21 (second page, item 5); R. 30, p. 10 (testimony of Johnson);
 in support of finding #15: R. 7 (example of plaintiff's research methods; see especially "Case VIII", "Case XI," and "Case XX," [events that the FOIC could reasonably conclude happened to the plaintiff, not interviewed citizens]; R. 30, pp. 754-59 (cross-examination of plaintiff).
 in support of finding #17: R. 8 (see especially 2/10/93 letter from plaintiff to Rogers); R. 9; R. 5 (see especially p. 2); R. 17;
 in support of finding 18: R. 7 (page numbered 2, regarding futility of complaints); R. 5; R. 30, pp. 9, 17-18, 23, 24, 28-29, 46, 53, 61; R. 8; R. 9;
 in support of finding #19: R. 20 (requests for information previously provided); R. 22 (requests for information subject to pending declaratory ruling); R. 28 (last page); R. 30, p. 11;
 in support of finding #20: R. 30, pp. 30-31;
 in support of finding #21: R. 20, R. 21; R. 30, pp. 31, 36, 41.
3. As to CV 93-526450 (FIC 92-204, FIC 92-216)
To Records items 1, 4 (with exhibits attached), 5, 6, 7, 8, 9, 19, 22, 26, 30, 36, 37, 38, 40-63 (exhibits), 65, 67-70, and 74 as listed in the FOIC Record Summary for FIC 92-204 and FIC 92-216 dated September 3, 1993; and to Record items 2, 9-30, 33, and 34 as listed in FOIC Record Summary for FIC 92-276 dated July 23, 1993; and to Record items referred to in the Town's brief, above, of the Record Summary for Advisory CT Page 10374 Opinion #71 dated September 3, 1993 (CV 93-526784 and CV 90-374538).
4. As to CV 93-526784 (Advisory Opinion #71 and Revised Opinion #71)
To Record items 1, 2, 3, 6, 8, 10, 11, 13, 15, 17, 19, 21, 22, 24, 25, 27, 29, 30-34, 36-46, 48, 51, 52, 54, 55, 56, 57, 64-70 as listed in the FOIC Record Summary dated September 3, 1993; to Record items identified above in CV 93-525360, CV 93-526450; and to Record items in CV 90-374538 (Advisory Opinion #71 Record prior to remand).
5. It should be further noted that the record in each FOIC case incorporates and includes the record of each prior case involving these parties.
6. As to CV 93-528104 (Town's Injunction Action)
The Final Findings and Final Decisions of the FOIC in FIC 92-168, FIC 92-204, FIC 92-216, FIC 92-276, and Revised Advisory Opinion #71, listed as record items 65, 66, 67, 68 and 70 in the FOIC Record Summary in CV 93-526784, dated September 3, 1993; and the Record items listed above in CV 93-530875, CV 93-525360, CV 93-526450, CV 93-526784, and CV 90-374538.