[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Barbara Staples, appeals from the decision of the Employment Security Board of Review (Board), dismissing her appeal from the decision of the Appeals Referee. The Board ruled that it lacked subject matter jurisdiction to hear the plaintiff's appeal because it was not timely filed.
On June 23, 1992, the Administrator ruled that the plaintiff was ineligible for unemployment benefits because her employment was terminated for repeated willful misconduct. The plaintiff appealed that decision to an Appeals Referee. On August 18, 1992, after conducting a hearing de novo, the Appeals Referee affirmed the Administrator's decision. The Appeals Referee's decision was mailed to the plaintiff on August 18, 1992.
The plaintiff then appealed the decision of the Appeals Referee to the Board of Review. The record reflects that the plaintiff's appeal was received by the Employment Security Appeals Division Section D on March 8, 1993, over six months from the mailing of the decision of the Appeals Referee. On April 29, 1993, the Board conducted a hearing to determine whether the CT Page 2166 plaintiff had good cause for the late filing. The Board initially determined that the plaintiff had good cause, and ruled that it would hear the merits of the appeal. The Board subsequently reversed that determination and dismissed the appeal, ruling that it lacked jurisdiction to proceed on the merits because there was no good cause for the late filing, and that in the absence of a timely appeal, the Referee's decision became final on the twenty-first day after it was issued, pursuant to General Statutes §31-248. In so ruling, the Board found that the plaintiff waited until March 8, 1993 to file her appeal because she had difficulties in obtaining her personnel file from her former employer. The Board found that the plaintiff was aware that she had to file her appeal from the Referee's decision by September 8, 1992, and that the plaintiff did not make the effort to obtain her personnel file until approximately September 8, 1992. The Board reasoned that the personnel file was evidence that the plaintiff could have obtained previously for use at the Administrator's hearing and the Referee's hearing. Based on these facts, the Board ruled that the plaintiff's failure to obtain her personnel file was due to her lack of diligence, and therefore, the plaintiff did not have good cause for filing her appeal after the statutory period for doing so had expired.
The plaintiff moved to reopen the Board's dismissal. The Board denied that motion, and the plaintiff filed a timely appeal to the Superior Court.
 I
General Statutes § 31-249b provides in pertinent part: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part that: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not CT Page 2167 substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted; footnote omitted.)United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 754 (1988). In general, when substantial evidence exists in the record of the administrative proceeding to support the agency's findings of fact, courts must affirm the decisions of administrative agencies. See, e.g., Newtown v. Keeney,234 Conn. 312, 319, 661 A.2d 589 (1995); Barnett v. Board ofEducation, 232 Conn. 198, 211, 654 A.2d 720 (1995); Kaufman v.Zoning Commission, 232 Conn. 122, 151, 653 A.2d 798 (1995). The decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
 II
In support of her appeal, the plaintiff argues that the Board's reasoning — that a reasonably prudent person in the plaintiff's position would have filed her appeal on time and then would have sought an extension of time to introduce new evidence — is disingenuous because as a pro se plaintiff she was "an uneducated novice stumbling through the procedural thicket." The plaintiff argues that there is no basis in the record from which the Board could have concluded that the plaintiff's failure to seek and obtain her personnel file at the earlier stages of this case constituted a lack of diligence because at that time, she could not have appreciated or realized the relevance of the evidence. The plaintiff further contends that she was misled by her former employer with respect to the existence of the personnel file, and that she filed the appeal as soon as she determined that the file did not exist.
The Board argues that its conclusion resulted from a correct application of the law to the findings of fact. The Board contends that while it initially accepted the claimant's explanation that she filed late because she thought that she would need to introduce a copy of her personnel file in order to prove that she had received only one written warning from her employer, it reversed its initial decision based on factual findings made at the hearing conducted on July 19, 1993. The Board found that the plaintiff did not attempt to obtain her personnel file until the September 8, 1992 deadline for filing CT Page 2168 the appeal was about to expire, and that she then waited six months before filing the appeal, on March 8, 1993. The Board argues that a reasonably prudent person would have filed the appeal and then requested an extension of time to introduce new evidence. The Board also argues that the plaintiff could have tried to obtain and present the personnel file for use at the prior hearings held before the Administrator (on June 23, 1992), and before the Referee (on August 18, 1993). Thus, the Board contends that the plaintiff's delay was due to a lack of diligence, and consequently, the plaintiff lacked good cause for the late filing of her appeal.
 A.
General Statutes § 31-248 (a) provides that: "Any decision of a referee . . . shall become final on the twenty-second calendar day after the date on which a copy of the decision is mailed to the party, provided . . . any such appeal or motion which is filed after such twenty-one-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section31-249h, for the late filing, . . . and . . . if any such appeal or motion is filed by mail, such appeal or motion shall be considered to be timely filed if it was received within such twenty-one-day period or bears a legible United States postal service postmark which indicates that within such twenty-one-day period, it was placed in the possession of such postal authorities for delivery to the appropriate office."
It is not disputed that the plaintiff filed an untimely appeal. Thus, the sole issue is whether the plaintiff had good cause to file the late appeal. "[A] party has good cause for failing to file an appeal within twenty-one (21) calendar days of issuance of the Referee's decision if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal." Regulations of Connecticut State Agencies § 31-237g-34 (c). This regulation further provides that: "In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to:
"(i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; CT Page 2169
"(ii) Whether the party was represented;
"(iii) The degree of the party's familiarity with the procedures of the appeals division;
"(iv) Whether the party received timely and adequate notice of the need to act;
"(v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities;
"(vi) Factors outside the control of the party which prevented a timely action;
"(vii) The party's physical or mental impairment;
"(viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed;
"(ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely;
"(x) Coercion or intimidation which prevented the party from promptly filing its appeal;
"(xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The plaintiff argues that she satisfied every applicable factor listed in this regulation because: (1) she was not represented by counsel at that time; (2) she was diligent in her previous dealings with the Administrator; (3) she was not familiar with the procedures of the Appeals Division; (4) she was misled by the procrastination and ultimate failure of her former employer in responding to her requests; and (5) she complied with advice given to her by an Employment Security Appeals Division employee, allegedly to give her employer thirty additional days to respond to a request which was given to her former employer in November 1992. CT Page 2170
The Board replies that the plaintiff failed to satisfy the factors listed in the regulation. In making its decision with respect to the plaintiff's lack of due diligence, the Board determined that the plaintiff waited until the deadline for filing the appeal before she attempted to obtain the personnel file, even though she had other opportunities to attempt to obtain the personnel file during the earlier phases of the plaintiff's case, and that she then failed to file her appeal for an additional six months. The Board noted that it gave the plaintiff timely, adequate and explicit notice of the need to file an appeal from the Referee's decision within twenty-one days of its mailing. Based on these facts, the Board concluded that any factors outside of the plaintiff's control, such as her former employer's delay and misrepresentations with respect to the personnel file, did not prevent the plaintiff from filing a timely appeal and did not excuse the plaintiff's six month delay in filing the appeal.
 B.
The plaintiff argues that Volpe v. Applied Data, Inc.,
(Unemployment Compensation Appeals) Board Case No. 179-BR-9 (May 13, 1990), upon which the Board relied in dismissing the plaintiff's appeal, actually supports the Board's original determination that the plaintiff had good cause for the late filing of her appeal. In Volpe, the claimant delayed filing her appeal because she was under the impression that she needed to file a certain medical report along with her appeal. Upon receiving the report which she thought she needed, she filed her appeal one month late. The Board found that she acted with due diligence and had good cause for the late filing.
The plaintiff argues that if the claimant in Volpe acted diligently and had good cause for filing late, then the Board could not reasonably or logically find that the plaintiff was not diligent or that the plaintiff lacked good cause. The plaintiff further argues that the "fortuitous fact" that Volpe's physician complied with her request within one month while the plaintiff's former employer dodged her requests should have no bearing on the Board's comparative assessment of diligence.
The Board argues that in making its decision, it compared the facts of the present case with the facts in Volpe and concluded that the only similarity was that the claimants were both pro se. CT Page 2171 The Board contends that it considered the other factors listed in the regulation, such as the claimants' respective degrees of diligence, and distinguished the two cases based on the appeal being filed one month late in Volpe and six months late here. The Board also noted that in Volpe, the claimant made her first attempt to obtain the missing report prior to the expiration of the twenty-one day appeal period, while here, the plaintiff first attempted to obtain her personnel file on the last day of the twenty-one day period, and then made sporadic attempts to obtain the file over the next six months.
In light of the standard of review discussed in part I, the court cannot conclude that the Board's decision resulted from an incorrect application of the law to the facts found, nor can this court conclude that the Board's decision does not reasonably or logically follow from the facts in the record. Thus, the court concludes that the Board did not act unreasonably, arbitrarily, illegally, or in abuse of its discretion in determining that the plaintiff lacked good cause for filing a late appeal. The plaintiff's appeal is dismissed.
BY THE COURT
Bruce L. Levin Judge of the Superior Court