TOWN OF NEWTOWN *v.* TIMOTHY R. E. KEENEY, COMMISSIONER OF ENVIRONMENTAL PROTECTION
(15027)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued April 18—decision released July 18, 1995

*David H. Wrinn,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*Daniel F. Wolf,* with whom was *David L. Grogins,* for the appellee (plaintiff).

BERDON, J. The dispositive issue in this appeal is whether the trial court improperly concluded that the commissioner of environmental protection had abused his discretion in rejecting a hearing officer's recommendation and denying the town's permit application to expand its landfill without remanding the matter for further proceedings in order to complete the record.

In 1989, the plaintiff, the town of Newtown (town), applied to the department of environmental protection (department) for a permit to expand its existing land-

fill. Hearings were held before a department hearing officer, who recommended in a proposed decision that the defendant, Timothy R. E. Keeney, the commissioner of environmental protection (commissioner), issue the permit. The commissioner rejected the proposed decision and denied the permit on the grounds that the town had neither conducted a hydrogeological study as required by § 22a-209-4 (b) (2) (A) (v) of the Regulations of Connecticut State Agencies[1] nor demonstrated a need for the expansion as required by General Statutes § 22a-208d (a).

The town appealed from the decision of the commissioner to the trial court, which sustained the appeal and remanded the case to the commissioner with direction. The commissioner appealed from this judgment to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General

[1] Section 22a-209-4 (b) of the Regulations of Connecticut State Agencies provides in pertinent part: "PERMIT TO CONSTRUCT. The information required to be in an application for a permit to construct shall depend upon the type of solid waste facility proposed. Such information shall be outlined in these regulations and further detailed in guidelines prepared by the Department. The information in the application must be sufficient to demonstrate the ability of the facility to comply with the requirements of these regulations. An application will not be deemed complete until all information required by statutes or regulations or otherwise requested by the Commissioner have been submitted in proper form. . . .

"(2) A facility plan, including engineering studies and proposals, shall accompany the application and be prepared by an engineer licensed to practice in the State of Connecticut; shall contain sufficient information to demonstrate an ability to comply with these regulations; and shall include but not be limited to the following information and supporting materials as the Commissioner deems necessary and as further detailed in engineering guidelines provided by the Commissioner:

"(A) For solid and special waste disposal areas . . .

"(v) hydrogeologic and geologic information including predictions of movement of and impact on surface and ground water, including water supply wells, from existing and proposed site activities, and the names and addresses of all landowners within the area of potentially impacted ground waters, detailed soil boring logs; details of monitor well construction and development, the method of testing and testing results. . . ."

Statutes § 51-199 (c). We reverse the judgment of the trial court and remand the case with direction to dismiss the appeal.

The following facts are undisputed. On September 14, 1989, the town applied to the department, pursuant to General Statutes § 22a-208a and § 22a-209-4 of the Regulations of Connecticut State Agencies, for a permit to expand vertically its municipal solid waste disposal area (landfill) located on Ethan Allen Road in Newtown. The expansion would allow the town to deposit an additional 409,000 cubic yards of solid waste, extending the landfill's useful life by about ten years.

A public hearing was held by the department on February 14, 1990, pursuant to § 22a-208a (e). Upon application, the estate of F. Francis D'Addario (D'Addario estate), an adjacent landowner, was granted permission to participate as an intervenor. No opposition to the application was presented. At the conclusion of the hearing, the hearing officer found that, with the exception of a preliminary determination of need, the town's application was complete and recommended the granting of the permit subject to several conditions. One of the conditions was that the town conduct a full hydrogeological study within ninety days of issuance of the permit in order to determine the extent and direction of any pollution leaching from the landfill into the Pootatuck River or into groundwater located on adjacent properties.

The hearing was continued pending the receipt by the town of a preliminary certificate of need pursuant to § 22a-208d. The town submitted to the department a letter dated April 12, 1990, outlining the need for the landfill's expansion. In January, 1991, the department issued a preliminary determination of need for the proposed landfill expansion, pursuant to § 22a-208d (b). The department also drafted a stipulated agreement

containing the draft permit with conditions, including the need for a hydrogeological study. The draft agreement and permit were distributed both to the town and to the D'Addario estate.

The hearing was continued again until May 2, 1991, at which time the D'Addario estate withdrew its support for the application of the town. The D'Addario estate asserted that the discharge of leachate from the landfill site was having a negative impact on both the groundwater and surface water quality. The hearing officer reopened the record of the proceeding in order to provide an opportunity for the D'Addario estate to present evidence and for the town to rebut the evidence presented. A public hearing to consider the intervenor's evidence was held August 29, 1991, and continued through September, 1991. The D'Addario estate introduced evidence to demonstrate migration of pollution from the landfill into the waters of the Pootatuck River and onto adjoining properties. The town and department introduced evidence to refute the D'Addario estate's allegations.

On February 25, 1992, the hearing officer issued a proposed decision to the commissioner, in which the hearing officer concluded: "A. The Town of Newtown has satisfactorily met its statutory burden under [General Statutes §] 22a-208a and Section 22a-209-4 [of the Regulations of Connecticut State Agencies] for a vertical expansion of its existing landfill. There is no evidence in the record to indicate that expansion of the landfill would cause pollution. The record clearly indicates that the intervenor has *significantly* failed to put on any substantial evidence to support its allegations that contaminants from the landfill are causing or will cause pollution to either its property, adjacent properties, or the Pootatuck River. B. It is further concluded that this proposal meets the solid waste disposal needs of the state and will not result in substantial excess dis-

posal capacity." (Emphasis in original.) The hearing officer also recommended that the commissioner issue the permit, as well as a final determination of need.

On June 19, 1992, the commissioner rejected the hearing officer's proposed decision and denied the town's application for a vertical expansion of its landfill on two grounds. First, the commissioner concluded that because the town had not submitted a comprehensive hydrogeological study as required by § 22a-209-4 (b) (2) (A) (v) of the regulations, the town had failed to meet its burden to prove that the landfill was not causing offsite pollution currently and that the proposed expansion would not cause pollution or exacerbate such pollution as may already have resulted from landfill operations. Second, the commissioner concluded that the town had failed to satisfy its burden to prove that the expansion was necessary to meet the state's solid waste disposal needs, as required by § 22a-208d (a).

The town appealed to the trial court, claiming that the commissioner's denial of the town's application was illegal, arbitrary and an abuse of his discretion, given the record before the hearing officer and his recommendations. The town's complaint specifically alleged that the commissioner's denial of the town's application was "made upon an error of law," because, among other things, a hydrogeological study was not required by the regulations, the commissioner's staff had made a preliminary determination of need for the landfill's expansion, and § 22a-208d (a) did not place the burden of proof with regard to the issue of need upon the applicant.

The trial court held that "[t]he Commissioner's ruling [was] directly contrary to the findings, conclusions and recommendations of the hearing officer to whom the matter was assigned, and to those of pertinent

Department of Environmental Protection technical personnel, based upon over two years of public hearings, studies, tests and reports." Although the trial court agreed with the commissioner that a hydrogeological study was required, it held that "[e]lemental fairness mandated that the Town be apprised of the Commissioner's concern and be given the opportunity at a further hearing to address the same." By failing to provide such opportunity, the court concluded that the commissioner had abused his discretion. The trial court also held that the town had satisfied its burden of proof with respect to need when the department made a preliminary determination of need, and that the town was not required after that date to present further evidence on the subject. The trial court remanded the case to the commissioner with direction that the town submit an "appropriate comprehensive hydrogeologic[al] study, as requested by the Commissioner," that the record be reopened to consider the study results and that if these results were consistent with the findings and conclusions made by the hearing officer in the proposed final decision, that a permit should issue in accordance with that proposed final decision.

On appeal, the commissioner argues that the trial court failed to apply the proper standard of review in finding an abuse of discretion.[2] We agree with the commissioner.

---

[2] On appeal to this court, the commissioner claims that the trial court improperly: (1) declined to determine whether the commissioner's final decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record made during the pendency of the town's permit application; (2) concluded that the commissioner abused his discretion in declining to adopt the recommended decision of the hearing officer; (3) concluded that the commissioner had abused his discretion in denying the town's permit application without remanding the matter for further proceedings within the administrative agency; (4) determined that the town had met its burden of proof on the determination of need aspect of its permit application, and that the town was relieved of the burden of making a record thereon for the final decision maker; and (5) determined that the

In *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 587–88, 628 A.2d 1286 (1993), we reaffirmed the well established principles that when "challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. . . . In reviewing [a department of environmental protection] decision made pursuant to the act, the reviewing court must sustain the [department's] determination if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United

town's permit application should be remanded to the commissioner and the hearings thereon reopened, in order to afford the applicant the opportunity to revisit the hydrogeological study issue, and for the commissioner to decide the application in light of that submission, thereby dictating the further actions of the commissioner in a manner that precluded him from determining the weight of the evidence in the record. Because we are reversing the trial court's judgment based upon the commissioner's first and third claims, we do not reach the other claims.

States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Citations omitted; internal quotation marks omitted.) This "substantial evidence rule" is embodied in General Statutes § 4-183 (j) (5) and (6).[3]

We apply this standard of review not to the decision of the hearing officer but, rather, to the decision of the commissioner, because he is the final decision maker. General Statutes §§ 22a-207 (1) and (2), 22a-208 (a) and 22a-208a; Regs., Conn. State Agencies § 22a-209-4. Indeed, the trial court recognized that the ultimate decision-making authority rested in the commissioner. The applicable regulations specify that the commissioner in his final decision "may affirm, modify, or reverse the proposed final decision, in whole or in part, or may remand to the hearing officer for further pro-

---

[3] General Statutes § 4-183 (j) provides in pertinent part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment."

ceedings, including the taking of further evidence." Regs., Conn. State Agencies § 22a-3a-6 (y) (3) (D).

Our focus is therefore on the commissioner's findings, and whether there was substantial evidence in the record to support his denial of the permit on any ground.[4] The commissioner based his decision on two grounds: (1) the lack of a hydrogeological study; and (2) the failure of the town to demonstrate need. Because we sustain the commissioner's decision to deny the permit on the basis of the lack of a hydrogeological study, we need not address the commissioner's second reason for such denial. See *Huck* v. *Inland Wetlands & Watercourses Agency*, 203 Conn. 525, 539–40, 525 A.2d 940 (1987) ("[t]he agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given").

Section 22a-209-4 (b) (2) (A) (v) of the regulations requires that an applicant for a permit submit "hydrogeologic and geologic information including predictions of movement of and impact on surface and ground water, including water supply wells, from existing and proposed site activities, and the names and addresses of all landowners within the area of potentially impacted ground waters, detailed soil boring logs; details of monitor well construction and development,

---

[4] The town raises the single conclusion of law doctrine, relying on the trial court's finding that only one issue was legally in dispute—the hydrogeological study—and argues that the commissioner had acted improperly in denying the permit. The single conclusion of law doctrine has no application to the present case. That doctrine provides that when the action of an agency is overturned, and it appears "as a matter of law that there is only one single conclusion that the [agency] could reasonably reach," the trial court can direct the agency to take the action on remand. *Feinson* v. *Conservation Commission*, 180 Conn. 421, 430, 429 A.2d 910 (1980); General Statutes § 4-183 (k). Because the town failed to submit the requisite hydrogeological study and because the results of that study may require the commissioner to reject the town's permit application, the doctrine has no application.

the method of testing and testing results." The town was therefore on notice that it was required to submit a detailed hydrogeological study. As the applicant, the town bore this burden of proof throughout the entire proceedings;[5] the burden did not shift to the department upon the rendering of a proposed decision by the hearing officer.

"An application will not be deemed complete until all information required by statutes or regulations or otherwise requested by the Commissioner have been submitted in proper form." Regs., Conn. State Agencies § 22a-209-4 (b). As the trial court recognized, the question of offsite pollution "remained open" and an "appropriate comprehensive hydrogeologic study" was required. The hydrogeological study in this case was required for the commissioner to be able to satisfy his mandate to "examine all existing or proposed solid waste facilities and provide for their proper planning, design, construction, operation, monitoring, closure and postclosure maintenance in a manner which ensures against pollution of the waters of the state" in accordance with § 22a-208 (a). Because the study was not submitted and the commissioner, therefore, was not allowed to satisfy his mandate, he properly denied the town's permit application.

The trial court held that, notwithstanding the town's failure to submit the hydrogeological study, the commissioner could not reject the hearing officer's recommendations without first providing the town with either

---

[5] Section 22a-3a-6 (f) of the Regulations of Connecticut State Agencies determines which party in an administrative proceeding bears the burdens of proof in a proceeding on an application, stating in pertinent part that "the applicant and other proponents of the application shall have the burden of going forward with evidence and the burden of persuasion with respect to each issue which the Commissioner is required by law to consider in deciding whether to grant or deny the application. Each factual issue in controversy shall be determined upon a preponderance of the evidence."

an additional hearing or a remand to the hearing officer, in order to give the town an opportunity to submit an appropriate hydrogeological study. We disagree.

First, § 22a-3a-6 (y) (3) (D) of the Regulations of Connecticut State Agencies, upon which the trial court relied, does not require the commissioner to remand an incomplete application to the hearing officer so that additional evidence may be given. That section provides: "After the issuance of the proposed final decision, the filing of any exceptions and briefs, and presentation of any oral argument, the Commissioner shall issue a written final decision in accordance with section 4-180 of the General Statutes. In his final decision the Commissioner may affirm, modify, or reverse the proposed final decision, in whole or in part, or *may remand* to the hearing officer for further proceedings, including the taking of further evidence." (Emphasis added.) The decision to remand to a hearing officer is discretionary.

Second, General Statutes § 4-179 (a), upon which the trial court also relied, does not require an additional hearing. That section provides: "When, in an agency proceeding, a majority of the members of the agency who are to render the final decision have not heard the matter *or read the record,* the decision, if adverse to a party, shall not be rendered until a proposed final decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the members of the agency who are to render the final decision." (Emphasis added.) There is no evidence before us that would support the trial court's assumption that the commissioner considered matters outside of the record, or that the commissioner did not fully consider the record. Indeed, the commissioner's final decision shows a careful reading of the record before him.

Finally, we disagree with the trial court's finding that the town was not given an "opportunity to be heard at a meaningful time and in a meaningful manner." (Internal quotation marks omitted.) *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 355, 542 A.2d 672 (1988). This requirement was satisfied by the department's provision of two separate hearing proceedings prior to the issuance of the hearing officer's proposed final decision. The town was on notice throughout these proceedings that a complete hydrogeological study was required, and also that the regulations required such a study to be completed prior to the issuance of a permit. Without this study, the town's application was deficient.

We conclude that, in light of the regulatory requirement for a comprehensive hydrogeological study as a prerequisite for the granting of a permit, the town's failure to provide such a study serves as substantial evidence in support of the commissioner's decision to deny the town's permit application. Thus, the commissioner acted within his discretion when he denied the town's permit application without providing a further hearing.

The judgment is reversed and the case is remanded with direction to dismiss the appeal.

In this opinion the other justices concurred.

