[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Mark W. Scott II appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute. Pursuant to § 14-227b, the department of motor vehicles held a hearing on the proposed suspension of the plaintiff's license. Neither the plaintiff nor any other witness testified. The hearing officer introduced in evidence the report of the police officer who arrested the plaintiff. The plaintiff objected but the hearing officer overruled the objection. The report consisted of the motor vehicle department A-44 form and a narrative supplement. The supplement was on a form entitled "Naugatuck Police Department Complaint Report." The appropriate block on the A-44 form was checked to indicate that the police officer was attaching a narrative supplement. Both the A-44 form and the narrative form were signed by the arresting officer under oath. Also admitted in evidence were the paper tapes CT Page 1412-OOO generated by the intoximeter machine.
The police reports admitted by the hearing officer were photocopies. The hearing officer had the original A 44 form at the hearing, to which was attached a photocopy of the narrative supplement. The plaintiff's counsel had an opportunity to compare the copy of the A-44 with the original A-44 and concedes that the photocopy is an accurate reproduction of the original. The original of the narrative supplement was not available at the hearing. There was no evidence, however, that the photocopy of it was not an accurate reproduction.
The first argument advanced by the plaintiff in support of his appeal is that the hearing officer committed error in admitting the copies of the reports, rather than requiring the originals as urged by the plaintiff. He cites General Statutes §§ 14-227b and4-178 (4). It is true that these statutes favor the use of original documents as evidence in administrative proceedings, and in some cases the failure to require the originals would be reversible error. Not so in this case, however.
It is fundamental that a party must demonstrate that some prejudice resulted from the procedural flaw. General Statutes § 4-183(j) provides, in part, that "(t)he court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealinghave been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (3) made upon unlawful procedure [or] . . . (4) affected by other error of law . . . ." (Emphasis added.) In order for a procedural deficiency to be the basis for reversing an agency decision, the person affected must show that he "suffer(ed) material prejudice as a result of (it)."Jutkowitz v. Department of Health Services, supra,220 Conn. 94.
In the present case, the plaintiff conceded at the administrative hearing and at oral argument before this court that the photocopy of the A-44 report form was an accurate reproduction of the original. Furthermore, the text of the A-44 form, which is signed under oath, is broad enough to encompass the attachment of extra pages CT Page 1412-PPP that are photocopies of the same author's narrative report, at least in the absence of any evidence which would tend to cast doubt on their reliability. There was no such evidence in this case, and, indeed, the plaintiff does not suggest that there is any reason to suspect that the copy of the narrative report in evidence is not an accurate one. The court concludes that the admission of the photocopies instead of the original documents did not prejudice the plaintiff in the slightest in this case.
The plaintiff's second argument is that the evidence is not sufficient to support the hearing officer's finding that there was probable cause to arrest the plaintiff even if the police officer's narrative report was correctly admitted. This argument is based primarily on the statement in the report that the key witnesses's statement to the police was "in a sworn written statement." The plaintiff contends that this shows that the police obtained the statement only in writing and that, of necessity, they had to have obtained it after they arrested the plaintiff on the scene. Therefore, the plaintiff argues, the police relied on post-arrest information to provide probable cause. The court disagrees.
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991). "This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, 234 Conn. 312,319-320 (1995), quoting Samperi v. Inlands WetlandsAgency, 226 Conn. 579, 587-588 (1993).
In the present case, the police officer's narrative report affords substantial evidence that would allow the hearing officer reasonably to infer that the witness orally gave the incriminating information to the police officer at the scene and then later reduced his statement to writing. The police narrative states "The complainant CT Page 1412-QQQ that observed said reckless driving was also in the parking lot" and "This officer spoke to the complainant (later identified as Edward LeLevie)." It is reasonable to infer that the police officer had LeLevie's full statement of what LeLevie observed the plaintiff doing before he arrested the plaintiff.
Finally, the plaintiff argues that the account of LeLevie's statement to the police, as set forth in the narrative report, is hearsay and should not have been admitted in evidence. This argument may not be sustained.
General Statutes § 14-227b requires the motor vehicle department hearing officer to determine, inter alia, "(1) Did the police officer have probable cause to arrest the person for . . . operating a motor vehicle while under the influence of intoxicating liquor . . . ." The hearing officer's task, therefore, was to examine the evidence from the viewpoint of the arresting officer.State v. Merritt, 36 Conn. App. 76, 85-86 (1994). The inquiry is whether the police officer, on the basis of the facts within his knowledge at the time, had probable cause to arrest the person. "In order to establish probable cause it is not necessary to produce a quantum of proof sufficient to establish guilt . . . probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that (a crime) has been committed." State v. Torres,182 Conn. 176, 189 (1980).
In the present case, the police officer's report, which is the evidence that the hearing officer had to consider, is that the police had reasonably trustworthy information from a witness and that information would provide probable cause to arrest the plaintiff. It is immaterial that LeLevie's statement, as recorded in the police officer's report, would be hearsay if offered to prove the truth of that statement. Even if LeLevie's statement to the police later proved to be false, it nevertheless provided sufficient probable cause for the arrest when the police officer first received it.
For the reasons set forth above, the court concludes CT Page 1412-RRR that the hearing officer's decision must be affirmed. The plaintiff's appeal is dismissed.
MALONEY, J.