[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert Lavoie appeals a decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on the charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The court scheduled oral argument on this appeal for March 26, 1996. The plaintiff requested a continuance. Subsequently, CT Page 4046 the parties agreed to waive oral argument. The court decides the appeal, therefore, on the basis of the record and the briefs of the parties.
In his brief, the plaintiff advances two arguments as the bases of his appeal: (1) that the hearing officer wrongly admitted into evidence the narrative supplement to the police officer's A-44 report and (2) that there was insufficient evidence to support the hearing officer's finding that the plaintiff had been operating the vehicle and that he refused to submit to a breath test.
With respect to the admission of the narrative supplement, the plaintiff argues that the report is hearsay, that it does not comply with the statute and regulations, and that it is unreliable. The plaintiff points out that the appropriate block on the A-44 form is not checked to indicate the officers statement that he is attaching a supplement and that it is also subject to the oath requirements. The plaintiff also argues that the supplement is not signed by the author.
The hearing officer admitted the narrative on the express basis that the police officer who wrote it printed his name on it and the supervising police officer endorsed it. The court has examined the document and concludes that the hearing officer had sufficient evidence to find that the police officer wrote his name on it, thereby authenticating the report as his own.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission, 4 Conn. App. 359,362 (1985); aff'd 202 Conn. 28, 33 (1987). In the present case, the document in question bears sufficient indicia of reliability to justify its admission in evidence as a supplement to the A-44 form.
Even if the narrative supplement of the police officer had not been admitted, the hearing officer had sufficient evidence in the plaintiff's own testimony at the hearing to support the finding that the plaintiff had been operating the vehicle and that he had refused to take the breath test. The court notes particularly that the plaintiff's testimony was to the effect that he insisted on contacting his attorney before agreeing to CT Page 4047 submit to the test. A person arrested for drunk driving may not, however, assert such a precondition to testing under §14-227b. Piorek v. DelPonte, 28 Conn. App. 911 (1992).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, infernces, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding, the decision must be upheld. Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991). Furthermore, "the reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, 234 Conn. 312,319-320 (1995), quoting Samperi v. Inlands Wetlands Agency, 226 Conn. 579,587-588 (1993).
The appeal is dismissed.