[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff A-1 Auto Service, Inc. appeals the decision of the defendant commissioner of motor vehicles denying its protest of the establishment by defendant Toyota Motor Distributors, Inc. of a new Toyota automobile dealer in the plaintiff's market area. The commissioner acted pursuant to General Statutes § 42-133dd. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendants.
In August 1995, defendant Toyota notified the defendant commissioner of motor vehicles of its intention to establish a new Toyota dealership in Wallingford. The plaintiff, which operates an existing Toyota dealership in the same marketing area, immediately filed a protest pursuant to General Statutes § 42-133dd.
Section 42-133dd provides that the department must CT Page 5118-J arbitrate between the manufacturer of a make of vehicle, such as defendant Toyota, and competing dealers or would-be dealers for franchises within the same geographical market area. The statute permits an existing dealer to protest the establishment of a new dealer within the protestant's market area. Section 42-133r(14) defines the relevant market area to be that which is within a radius of fourteen miles around the site of the existing dealer.
The department must hold a hearing on the protest and determine whether "there is good cause for denying the establishment . . . of such (new) dealer." Subsection (c) of § 42-133dd provides that the department, in making that determination, must take into account "the existing circumstances," which must include at least ten specific factors as set forth in the statute. At the hearing, the protestant has the burden of proving that such existing circumstances establish that there is good cause for denying the new franchise.
In the present case, the department held a hearing on the plaintiff's protest during three days in 1995. The plaintiff and defendant Toyota appeared and presented testimony and evidence, including testimony and evidence from experts. The department also presented evidence.
Following the hearing, on January 31, 1996, the hearing officer designated by the commissioner rendered a final decision concluding that good cause does not exist for denying the establishment of a new dealer at the Wallingford site. It is that decision which is the subject of this appeal.
In her decision, the hearing officer noted fifty-two findings of fact, forty-one of which were devoted to the statutory criteria set forth in § 42-133dd(c). Based on those findings, the hearing officer stated her "Conclusions of Law" that "good cause does not exist for denying the establishment of a dealer in the Wallingford open point."
The plaintiff advances essentially two arguments in support of its appeal: (1) that the hearing officer's decision is defective in that it does not separately state findings of fact and conclusions of law and (2) CT Page 5118-K that certain findings of fact are not supported by evidence in the record.
This court has reviewed the entire record of the administrative proceeding in this case, including especially the final decision rendered by the hearing officer. As indicated, that decision specifically addresses each of the criteria enumerated in § 42-133dd. With respect to each criterion, the hearing officer analyzes the evidence, referring to relevant exhibits and testimony, and makes findings of fact. In some instances, where she finds it necessary or appropriate, the hearing officer states her conclusions concerning specific findings. In other instances, the facts speak for themselves or the conclusions to be drawn from the facts are perfectly obvious. In summary, the court finds that the form of the hearing officer's final decision precisely and clearly tracks the requirements of § 42-133dd. In substance, the decision contains a thorough discussion of the evidence and its relation to the relevant statute. The subordinate conclusions and the ultimate conclusion follow logically from the findings of fact.
The plaintiff argues nevertheless that the hearing officer's decision is deficient in that the hearing officer did not state separate conclusions relating to each of the criteria, appropriately labeled as such. Therefore, the plaintiff argues, "it is not possible for this Court to know the reasons behind the decision and how the facts, as found, influenced the final decision."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (3) made upon unlawful procedure . . . ." In order to obtain reversal of an agency's decision on that basis, a plaintiff must demonstrate that it suffered "material prejudice as a result of this alleged procedural deficiency."Jutkowitz v. Department of Health Services,220 Conn. 86, 94 (1991). CT Page 5118-L
In the present case, contrary to the plaintiff's contentions, the basis of the hearing officer's ultimate conclusion is clear. It is simply that the "existing circumstances," as found by the hearing officer do not establish good cause for denying the new franchise. As noted, the findings of fact are explicit and thorough; they completely cover the circumstances as required by the statute; and they provide an understandable and reasonable basis for the ultimate decision. If the hearing officer failed to label some subordinate conclusions as such or failed to state some subordinate conclusions explicitly, the plaintiff has not demonstrated any material prejudice as a result.
The plaintiff's principal argument concerning the sufficiency of the evidence relates to the hearing officer's findings with respect to Toyota's penetration of the new car market in the relevant marketing area. The hearing officer chose to believe the testimony of the expert witness presented by Toyota to the effect that Toyota's national market penetration standard is the appropriate standard, rather than the local market penetration standard espoused by the plaintiff's expert. The plaintiff also argues that other findings either were clearly erroneous or not supported by the evidence.
General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the CT Page 5118-M `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989).
"The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, 234 Conn. 312, 319-320
(1995), quoting Samperi v. Inlands Wetlands Agency,226 Conn. 579, 587-588 (1993).
The court has, as indicated, reviewed the record in this case. The court finds that there is ample substantial evidence to support the hearing officer's findings. The court may not, therefore, in accordance with the familiar principles of administrative law summarized above, overturn those findings. This is so even though there is evidence in the record, including expert evidence, that is in conflict with the hearing officer's findings.
The appeal is dismissed.
MALONEY, J.