[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Bruce Ellam appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to §4-183. The court finds the issues in favor of the defendant commissioner. CT Page 6895
The sole issue raised by the plaintiff on appeal is whether there was sufficient evidence to support the hearing officer's determination that the plaintiff refused to submit to the breath test requested by the police.
The facts essential to the court's decision are not in dispute. An officer of the Middletown police department stopped and arrested the plaintiff on a charge of driving under the influence of alcohol in violation of § 14-227a. The police transported the plaintiff to the police station, where he agreed to submit to a breath test. The first test showed an alcohol content of .268%. The police officer's written report, which was admitted in evidence at the administrative hearing, then relates that "after approx. thirty minutes the second test was administered at approx. 0246 HRS and the accused failed to blow sufficient breath into the tube, as he continued to do so he was advised that if this continued it would constitute a refusal, but he would not cooperate." A second police officer signed the arresting officer's report as a witness to the refusal.
At the administrative hearing, the police officers were not present, but the plaintiff appeared and testified. He stated that he wanted to take the test and blew into the machine several times during the first successful test and also during the second test. He stated that he never refused to be tested.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
The "substantial evidence" rule governs judicial review of administrative decisions. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991). CT Page 6896
"In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989).
Finally, "the reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney,234 Conn. 312, 319-320 (1995), quoting Samperi v. InlandsWetlands Agency, 226 Conn. 579, 587-588 (1993).
As the authorities quoted above indicate, the scope of this court's review of the hearing officer's factfinding in this case is very limited. It was the hearing officer's task, not the court's, to balance the police officers' report against the testimony of the plaintiff and determine which deserved the greater weight. As noted, the report stated the police officers' observation that the plaintiff failed to cooperate in taking the second test. Such passive conduct may constitute refusal under the statute. State v. Corbeil, 41 Conn. App. 7 (1996). In the final decision, the hearing officer explicitly held that the police report supported the finding that the plaintiff refused to submit to the second test. The court may not overrule that factual determination.
The plaintiff's appeal is dismissed.
MALONEY, J.