[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff The Connecticut Light and Power Company (CLP) appeals a declaratory ruling of the defendant department of public utility control holding that state statutes do not CT Page 1866 prohibit defendant Texas-Ohio Power, Inc. (TOP) from selling electricity from a cogeneration plant that TOP operates in Manchester. The department issued its ruling pursuant to General Statutes § 4-176. Plaintiff CLP appeals pursuant to §§16-35 and 4-183. The court finds the issues in favor of the defendants.
The basic facts are not in dispute. CLP, a Connecticut corporation, is a public service company and an electric company holding a franchise to sell and distribute electricity in various parts of the state, including especially the town of Manchester. TOP is a Texas corporation. It has constructed a natural gas cogeneration plant, generating electricity, on property it leases from Central Connecticut Co-operative Farmers Association (the Coop) in Manchester. It sells that electricity to the Coop and to Rogers Corporation, a manufacturing company located on property adjacent to the Coop. In distributing this electricity TOP does not use or occupy public streets or highways.
In August 1995, CLP brought an action to enjoin TOP from selling electricity to the Coop and Rogers. This court (Satter, J.) denied the injunction. The Connecticut Light and PowerCompany v. Texas-Ohio Power, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV95 055 30 63 (October 17, 1995).
CLP also petitioned the defendant department for declaratory rulings that state statutes prohibit TOP from the sale of electricity to the Coop and Rogers. On December 6, 1995, the department rendered its final decision on CLP's petition, holding that the statutes cited by CLP do not prohibit the sales in question. It is that decision which is the subject of the appeal presently before the court.
At the hearing on this appeal, CLP presented testimony to prove that it would suffer financial loss if TOP is permitted to sell electricity to the Coop in competition with CLP. CLP asserts that the applicable statutes prohibit TOP from doing this business and it is, therefore, illegal. The court finds that CLP is aggrieved by the department's decision on the basis that the company is entitled to do business under the applicable statutes free from illegal competition. Light Rigging Co. v. Department ofPublic Utility Control, 219 Conn. 168 (1991).
As set forth in its brief to the court, CLP advances the CT Page 1867 following arguments in support of its appeal:
 1. TOP is a foreign stock corporation and is therefore prohibited by General Statutes § 33-286 (b) and § 33-395 from selling electricity to retail customers in Connecticut.
 2. TOP is a foreign electric company as defined in § 16-246a(1) and is therefore prohibited by § 16-246c from selling electricity to retail customers in Connecticut.
The sections in title 33, referred to above, were renumbered in a revision of the corporation statutes in 1996, but the text of those sections was not changed. For convenience, the court will continue to use the pre-1996 designations, following those used in the department's decision and the parties' briefs.
General Statutes § 33-286 (b), pertaining to domestic corporations, provided as follows:
 No corporation formed under this chapter shall have the power to transact in this state the business of a telegraph company, gas, electric light or water company, or cemetery corporation, or of any company, except a telephone company, requiring the right to take and condemn lands or to occupy the public highways of this state.
Section 33-395 essentially extended the same prohibition to a foreign corporation that is an "electric light company."
The term "electric light company" is not defined in the statutes. The term "electric company" is defined in §16-1(a)(8), however, as a company "owning, leasing, maintaining, operating, managing or controlling poles, wires, conduits or other fixtures, along public highways or streets, for the transmission or distribution of electric current for sale for light, heat or power within this state, or engaged in generating electricity to be so transmitted or distributed for such purpose, but shall not include a private power producer as defined in section 16-243b."
In its ruling, the department held that TOP is not an "electric company" as defined in § 16-1(a)(8) because it does not use public highways or streets for the transmission of electricity. Also, it should be noted, CLP and TOP agree that TOP's activities establish that it is a private power producer CT Page 1868 within the meaning of 16-243b, thereby excepting it from the definition of "electric company."
The crucial point in the department's ruling on the effect of these statutes is that there is no difference between an "electric company" as defined in § 16-1 and an "electric light company," the term used in the prohibitory provisions of §§ 33-286 (b) and 33-395. In support of its interpretation, the department cited the evolution of the two statutes over a period of time beginning in 1893. The department also points to the phrase in § 33-286 (b), "or of any company . . . requiring the right to take and condemn lands or to occupy the public highways of this state," contending that it indicates that the statute encompasses only those enterprises requiring such powers to conduct their business. Since TOP is neither an electric company nor an electric light company, the department held, those prohibitions do not apply to TOP.
CLP argues that the department erroneously determined that the terms "electric company" and "electric light company" are synonymous.
"Judicial review of conclusions of law reached administratively is . . . limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). In the present case, CLP has not presented any authority or convincing argument to dispute the department's interpretation of §§ 33-286 (b) and 33-395. On the other hand, the interpretation adopted by the department, which is the agency responsible for enforcing the statutes relating to electric light companies, is in this court's view entirely reasonable. See also, to the same effect, the reasoning of Judge Satter in CLP v. TOP, supra, Superior Court at Hartford, Docket No. CV95 055 30 63. The plaintiff's arguments with respect to §§ 33-286 (b) and 33-395 may not be sustained.
Plaintiff CLP's second argument relates to §§ 16-246a and 16-246c. These statutes prohibit a "foreign electric company" from selling electricity to any person other than an "electric company," as that term is defined in § 16-1, quoted supra. A "foreign electric company" is defined in § 16-246a(1) as a company organized under the laws of another state and "authorized under the laws of (such) state . . . to generate or transmit CT Page 1869 electric energy." CLP argues that TOP fits the literal definition of a "foreign electric company" and, therefore, is prohibited from selling electricity to retail customers in Connecticut.
In its ruling, the department rejected the literal interpretation of § 16-246a(1) urged by CLP. Instead, the department took a broader approach. The department noted Judge Satter's observation in his decision on the injunction action that the statutes in question in this case "cannot be properly interpreted by reading them individually nor by reading only their words. They must be construed as part of a pattern of statutory regulation of the electric power industry, in light of the purposes and objectives they are designed to achieve and as revealed by evidence of legislative intent." The department reasoned that this approach is supported by the familiar canon of statutory construction that the legislature is presumed to have created a consistent body of law on a subject and that different statutes should be read so that they harmonize with each other, not so that they conflict.
With that preamble, the department examined the legislative history of §§ 16-246a and 246c. That history, including statements of representatives of CLP itself, clearly establishes that the purpose of the statutes is to facilitate the import and export of electric power between domestic and foreign public electric utility companies. The statutes, as envisioned by the legislature at the time they were enacted, have nothing to do with private electric power producers, whether they be foreign or domestic.
Based on the analysis summarized above, the department concluded that § 16-246c does not prohibit TOP from selling electric power to the Coop and Rogers.
As plaintiff, CLP has the burden of proof. It must do more than show that another decision maker, such as this court, might have reached a different conclusion. Newtown v. Keeney,234 Conn. 312, 319 (1995). As noted above, the plaintiff must persuade the court that the agency, in light of the evidence, has acted arbitrarily, illegally or in abuse of its discretion. In this case, the court is not so persuaded. The court agrees with the department that the statutes in question do not prohibit the sales of electricity by TOP to the Coop and Rogers. CT Page 1870
For all of the above reasons, the rulings of the department are affirmed and the appeal is dismissed.
Maloney, J.