[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Wayne Jarvis appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the defendant commissioner.
The sole argument advanced by the plaintiff in support of his appeal is that the hearing officer's finding that the plaintiff refused to submit to the breath test was against the evidence.
At the administrative hearing, both the plaintiff and the police officer who arrested him and requested that he submit to a breath test testified. The plaintiff's attorney and the hearing CT Page 3823 officer questioned and cross-examined both witnesses exhaustively.
The plaintiff testified that when the police officer first requested that he take the breath test, he was uncertain as to whether he should comply. The plaintiff testified that he asked the officer for advice and the officer told him that he, the officer, would take the test if he were in the plaintiff's shoes. The plaintiff testified that he then told the officer that he would take the test.
The police officer also testified at the hearing. He told a different story. He testified that the plaintiff refused three times to take the test. He conceded that the plaintiff asked him his advice, but he stated that this occurred after the plaintiff had repeatedly refused to submit to the test. He stated that he did not recall whether the plaintiff ever affirmatively indicated a willingness to be tested. He testified that another police officer was a witness to the plaintiff's refusal, and, indeed, that officer did sign a statement to that effect in the written police report.
The hearing officer's decision on the issue of refusal had to be based on his assessment of the relative credibility of the testimony of the two witnesses and the conclusions that he drew therefrom. Clearly, if he believed the plaintiff's testimony, as summarized above, he would necessarily have found that the plaintiff did not refuse to submit to the test. On the other hand, if the hearing officer believed the testimony of the police officer, he could have found that the plaintiff, although uncertain, nevertheless effectively refused to submit to the test. In this regard, the court notes that the police officer in his testimony nowhere confirmed the plaintiff's statement that his final decision was to submit to the test. Rather, the police officer emphasized the thrice repeated refusal and declined to go along with plaintiff's counsel's efforts to elicit more favorable testimony.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced CT Page 3824 because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. BuildingWrecking Co. v. Carrothers, 218 Conn. 580, 601 (1991). "The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, 234 Conn. 312,319-320 (1995), quoting Samperi v. Inlands Wetlands Agency,226 Conn. 579, 587-588 (1993).
In the present case, as noted, the hearing officer was confronted with two contradictory versions of the plaintiff's response when he was requested to submit to the test. In his decision, the hearing officer plainly indicated that he accepted the police officer's version and rejected that of the plaintiff. In accordance with the familiar principles of administrative law summarized above, the court may not overturn such a decision, based, as it is, on substantial evidence.
MALONEY, J.