[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Edward M. Bombaci appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the defendant commissioner.
The plaintiff advances a single argument in support of his appeal. He contends that there is insufficient evidence in the record to support the hearing officer's determination that the plaintiff refused to submit to a chemical test of the alcohol content of his blood as required by General Statutes § 14-227b.
In State v. Corbeil, 41 Conn. App. 7, 19 (1996), the Appellate Court held that "`refusing' to take a breath test may be accomplished by a failure to cooperate as CT Page 3813 well as by an expressed refusal.
In the most recent appellate decision on the subject, Bialowas v. Commissioner of Motor Vehicles,44 Conn. App. 702 (released April 15, 1997), the Appellate Court held as follows:
 We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact that he failed to provide an adequate breath sample does not automatically constitute a refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence. A conclusory statement by the arresting officer that the driver has failed to provide an adequate breath sample and has, therefore, refused, does not constitute such evidence. Id., 714-715.
The court in Bialowas also seems to have elaborated on the Corbeil ruling, although citing that case only in a footnote, and held that "an overall failure to cooperate, without additional details, cannot be generalized to show a lack of cooperation in (the) specific respect" of submitting to the test. Id., 715.
Synthesizing the Appellate Court's decisions inCorbeil and Bialowas, the rule is that where it is undisputed that the motorist agreed to submit to the test, evidence of a failure to provide an adequate sample of breath or urine is not, by itself, sufficient to support a finding that the motorist refused to be tested. There must also be substantial evidence that the motorist refused specifically to cooperate in the testing procedure. Furthermore, the police officer's opinion or conclusion that the motorist was uncooperative, if it is based only on an inadequate breath or urine sample, does not constitute sufficient evidence of a refusal to be tested.
At the administrative hearing in the present case, the hearing officer admitted in evidence, without objection from the plaintiff, the written reports of the police officer who arrested the plaintiff and conducted the testing procedures. That officer was not present at CT Page 3814 the hearing. The plaintiff was present, however, and testified.
In his report, the police officer states that the plaintiff agreed to take a breath test. He states that he explained the procedure to the plaintiff and that the plaintiff stated he understood. Then, "When I requested that he blow into the intoxilizer, the accused instead sucked on the tube and then belched into the intoxilizer and blew spit into the tube." The officer states that he waited for twenty minutes and again explained how to take the test by blowing into the tube and indicating that the plaintiff must not cough or belch. He continues, "As we walked over to the intoxilizer, the accused began coughing and forcing himself to burp. " Next, the officer states that he requested that the plaintiff give a urine sample. The plaintiff told him that "he could not urinate. However, two minutes later the accused went into the bathroom to urinate." Based on these events, the police officer concluded, "The accused failed to comply with any efforts to take a chemical test. Therefore this will be considered a refusal." Another police officer also signed the report as a witness to the refusal.
In his testimony, the plaintiff essentially agreed with the facts as related in the police report. He contended, however, that he was at all times willing to be tested but the police officer prevented him. He stated that his coughing was due to a cold and that when he was approaching the intoxilizer to attempt the breath test the second time, he coughed before getting to it. At that point, the officer halted the procedure, not allowing the plaintiff even to attempt to blow into the machine. The plaintiff admitted that he told the officer that he could not urinate when first requested. Then, a few minutes later, when he could urinate, he testified, the officer refused to allow him to give a urine sample.
In his final decision, the hearing officer states findings of fact, including "The (plaintiff's) testimony and the (police report) support an affirmative finding of a refusal to cooperate with the testing process which constitutes a refusal."
The plaintiff is incorrect in his contention that CT Page 3815 there is no evidence to support a finding of non-cooperation. Unlike the circumstances in the Bialowas case, where the only evidence was repeated inadequate breath samples, the police officer in this case noted specific actions that could be interpreted as refusal to cooperate. These were that the plaintiff sucked instead of blowing, that he then blew spit into the machine, that he coughed, that he belched intentionally, that he claimed he could not urinate but two minutes later proved he could. In the present case, therefore, the issue is whether the hearing officer could weigh these facts, as well as the plaintiff's contrary testimony, and arrive at a finding of non-cooperation. This issue must be resolved in accordance with well settled principles of administrative law.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
"In challenging an administrative agency action, the plaintiff has the burden of proof . . . The plaintiff must do more than simply show that another decision maker, such as the trial court, might have reached a different conclusion. Rather than asking the reviewing court to retry the case de novo, . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision. In reviewing an . . . agency decision made pursuant to the (Uniform Administrative Procedure Act), the reviewing court must CT Page 3816 sustain the agency's determination if an examination of the record discloses evidence that supports any one of the reasons given . . . The reviewing court must take into account [that there may be] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . ." (Citations omitted; internal quotation marks omitted.) Newtown v.Keeney, 234 Conn. 312, 319-320 (1995), quoting Samperi v.Inlands Wetlands Agency, 226 Conn. 579, 587-588
(1993).
None of the facts in this case, standing alone, would support an inference that the plaintiff, contrary to his expressed willingness to be tested, was instead sabotaging the testing procedure. But all of the facts, viewed in their totality, could reasonably support such an inference. That was plainly the police officer's conclusion. And, given the supporting evidence, the hearing officer was entitled to credit that conclusion and reject the plaintiff's testimony to the contrary. The court may not, therefore, second-guess the resulting decision.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.