[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Donald N. Lanz appeals the decision of the defendant Suffield Zoning and Planning Commission approving a plan for the subdivision of certain real property owned by defendant Robert DiGennaro on Stony Brook drive in Suffield. The commission acted pursuant to General Statutes 8-25. The plaintiff appeals pursuant to § 8-8. The court finds the issues in favor of the defendants.
The court held a hearing on the issue of aggrievement at which the plaintiff appeared and testified. On the basis of that testimony and other evidence admitted at the hearing and in the record, the court finds that the plaintiff is the owner of property that is within one hundred feet of the property which is the subject of the commission's action and this appeal. The plaintiff is, therefore, statutorily aggrieved and has standing CT Page 3290 to bring this appeal. General Statutes § 8-8(a)(1)
The facts essential to the court's decision on the merits of the plaintiff's appeal are not in dispute and are fully reflected in the record. The applicant for the approval of the subdivision is Somerset Development Corporation, a corporation owned and controlled by defendant DiGennaro. In May 1998, Somerset obtained approval of a plan calling for the subdivision of a 25.60 acre parcel of land on Stony Brook Drive into 17 residential building lots. The approval was subject to certain conditions relating to the location and construction of a road system servicing the project. Somerset did not follow through with that subdivision, however; that is, no construction was ever begun. Instead, on March 8, 1999, Somerset filed an application showing a new plan of subdivision, which essentially reconfigured the project and the road system, although it did not increase the number of building lots.
The commission held a public hearing on the 1999 application on April 19, 1999. The plaintiff's attorney appeared in opposition to the application and expressed concern that drainage of water from the completed property would adversely affect the plaintiff's property. The plaintiff did not, however, offer any expert testimony or other evidence to support his concern. The town engineer testified at the hearing and, in specific response to the concern expressed by the plaintiff's attorney, stated that he had reviewed Somerset's drainage calculations and determined that the drainage of ground water engendered by the project would be adequately accomplished.
At the same hearing, the plaintiff's attorney also raised an objection to the application based on the plaintiff's assertion that the subdivision encroached on the plaintiff's property, essentially claiming that Somerset had misdrawn the boundary line between the plaintiff's property and that of the defendant.
On May 17, 1999, the commission determined that the subdivision plan set forth in Somerset's March 1999 application complied with all applicable regulations and voted to approve it, subject to certain conditions not relevant here. It is that decision which is the subject of this appeal.
The principal basis of the plaintiff's appeal is that the commission did not comply with the regulations applicable to subdivision approval, especially those concerned with ground CT Page 3291 water drainage. The plaintiff has not pursued the boundary line issue in this appeal.
It is appropriate to set forth certain basic principles that govern all appeals before evaluating the plaintiff's specific claims. In general, Connecticut law circumscribes the discretion of a planning commission in its consideration of a subdivision plan and strictly limits the scope of a court s review of the commission's decision. Our Appellate Court has held:
 In disposing of an application for a subdivision, the commission acts in an administrative capacity . . . In passing on subdivision plans, the commission is controlled by the regulations it has adopted, and, if the plans conform to the existing regulations, the commission has no discretion or choice but to approve them. . . .
 General Statutes 8-6 entrusts the commission with the function of interpreting and applying its zoning regulations . . . The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts . . . The plaintiffs have the burden of showing that the commission acted improperly . . . The trial court can sustain the plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal . . . It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. (Citations omitted.) Baron v. Planning Zoning Commission, 22 Conn. App. 255, 256-257 (1990)
In the present case, the defendant commission had for its consideration a second application for the subdivision of the property in question. In addition to the familiarity with the project that it had already gained from its consideration of the first application, the commission had the benefit of the town engineer's review of the new plan and his favorable report thereon. As noted, this report, which was delivered orally at the public hearing, specifically addresses the plaintiff's concerns and is set forth as evidence in the record on this appeal. By contrast, there is no evidence in the record, submitted by the CT Page 3292 plaintiff or otherwise, that conflicts with the engineer's report. In this regard, the opinions of the plaintiff's attorney, stated at the hearing, do not constitute evidence. The court concludes that the commission had ample and substantial evidence to support its decision. See Newtown v. Keeney, 234 Conn. 312,319-320 (1995), citing Samperi v. Inland WetlandsAgency, 226 Conn. 579, 587-588 (1993)
For all of the reasons set forth above, the court concludes that the plaintiff's arguments in support of his appeal may not be sustained.
The appeal is dismissed.
Maloney, J.