FRANK MORRIS *v*. ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 105940

Memorandum filed September 5, 1956.

*James F. Rosen,* of New Haven, for the plaintiff.

*John J. Bracken,* attorney general, and *Harry Silverstone,* assistant attorney general, both of Hartford, for the defendant.

COTTER, J. This is an appeal from the unemployment commissioner. On February 7, 1954, the claimant was retired involuntarily from the employ of the state of Connecticut. He was with the unemployment compensation department of the employment security division of the Connecticut state labor department. His benefit rate was found to be $30 a week. The administrator at that time determined that he was only entitled to a net amount of benefits in the amount of $10 a week, arriving at this figure by deducting a pension in the amount of $20 a week. The claimant filed claims and received the amount of $10 a week up until September 25, 1954, when he went to work for Hotel Statler. His benefit year ended December 31, 1954.

On or about April 1, 1955, the new commissioner adopted a ruling that pension payments should not be deductible, and made such ruling retroactive to October 1, 1954. On April 13, 1955, the claimant requested payment of the administrator of $500,

based upon his claim that $20 per week was improperly withheld from his unemployment compensation benefits in that total amount. On June 16, 1955, the administrator advised the claimant that he would not pay such adjustment of benefits and refused his claim. An appeal was taken to the unemployment commissioner. This was denied by the commissioner and appeal taken to this court.

A determination of the question revolves about the interpretation of § 7515 of the General Statutes. This statute permits the administrator to go back six months and review a decision that was made. The claimant in this case made no claims between October 1, 1954, and April 1, 1955, and there was no decision made respecting the claimant which could be reviewed. The claimant accepted his payments, went back to work in September, and did nothing about any claim until some time in April, 1955. In such event, the administrator would only be able to go back six months to some time in October, 1954. While the claimant might have filed the claim within such a six months' period, he did not do so. The administrator had no authority to review a decision made prior to October 1, 1954.

For the foregoing reasons the appeal is dismissed.