[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sandra Zadrick, appeals from a decision of the Employment Security Board of Review (Board) dismissing her appeal.
The facts on the record as found by the Appeals Referee and adopted by the Board of Review recall that prior to December 19, 1993, the plaintiff was employed by Aetna for a period of approximately fourteen years. On or before December 19, 1993, the plaintiff was laid off by Aetna. On December 19, 1993, the plaintiff filed a claim for unemployment. On December 23, 1993, the administrator determined that the plaintiff's benefit year ran from December 19, 1993 through December 17, 1994. On January 3, 1994, the administrator disqualified the plaintiff from receiving unemployment compensation benefits from December 19, 1993 through October 8, 1994, because the plaintiff would receive disqualifying income from Aetna in the form of wages, in lieu of notice, CT Page 8728 severance pay, and vacation pay. The plaintiff did not appeal this disqualification.
On September 15, 1994, the plaintiff filed a request to invalidate her benefit year. On October 3, 1994, the examiner denied the plaintiff's request to invalidate her benefit year on the ground that the plaintiff had not sought to invalidate the determination of her benefit year within six months as required by General Statutes § 31-243.[1]
On October 7, 1994, the plaintiff appealed the decision of the examiner to an appeals referee.[2] On October 31, 1994, a hearing was held before the appeals referee. On November 4, 1994, the appeals referee dismissed the plaintiff's appeal and affirmed the examiner's denial of the plaintiff's request to invalidate her benefit year.
On November 16, 1994, the plaintiff appealed the decision of the appeals referee to the Board.[3] The plaintiff did not request oral argument before the Board.
On January 13, 1995, the Board dismissed the plaintiff's appeal and affirmed the decision of the appeals referee. The Board mailed notice of its decision to the plaintiff on January 13, 1995. The Board determined that the plaintiff had filed her claim for unemployment compensation benefits on December 19, 1993, and, accordingly, the plaintiff's benefit year was established in December of 1993. The Board further determined that the plaintiff did not appeal the determination of her benefit year until September, 1994. Finally, the Board determined that pursuant to General Statutes § 31-243, it had no jurisdiction to invalidate the plaintiff's benefit year because the plaintiff had not challenged the determination of her benefit year within six months.
On February 14, 1995, the plaintiff filed a document entitled "Appeal to Superior Court" with the Board.[4] On February 25, 1995, the Board issued a notice indicating that the plaintiff had filed "a motion to reopen the board's decision of January 13, 1995."[5] On March 15, 1995, the Board denied the plaintiff's motion to reopen its decision of January 13, 1995, and noticed its intention to certify the record of this case to the Superior Court because the plaintiff's petition for review was designated "an appeal to court." The Board filed the record of the present case in Superior Court on June 2, 1995.
The plaintiff's appeal of the Board's January 13, 1995 decision is presently before the court.
 I CT Page 8729
General Statutes § 31-249b provides in pertinent part: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by § 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted; footnote omitted.) United Parcel Service, Inc. v.Administrator, 209 Conn. 381. 385-86, 551 A.2d 754 (1988). In general, when substantial evidence exists in the record of the administrative proceeding to support the agency's findings of fact, courts must affirm the decisions of administrative agencies. See, e.g., Newtown v. Keeney,234 Conn. 312, 319, 661 A.2d 589 (1995); Barnett v. Board of Education,232 Conn. 198, 211, 654 A.2d 720 (1995); Kaufman v. Zoning Commission,232 Conn. 122, 151, 653 A.2d 798 (1995). The decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Robinson v. UnemploymentSecurity Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
 II
The plaintiff contends that she received less than the maximum number of benefit weeks that she was entitled to because she was given incorrect information by a counselor at a local unemployment office regarding the establishment of her benefit year. Further, the plaintiff now seeks to collect the unemployment compensation benefits for the benefit weeks that she was denied.
The defendant responds that it does not have jurisdiction to alter the plaintiff's benefit year under § 31-243. It cannot pay the plaintiff any unemployment benefits that accrued based on such an alteration.
The plaintiff claims that she had no contact with the defendant from January to September, 1994, because she was caring for her terminally ill ex-husband. CT Page 8730
The defendant responds that the plaintiff waited too long to challenge the determination of her benefit year, and consequently, the defendant is without jurisdiction to alter the determination of the plaintiff's benefit year. The defendant argues that General Statutes § 31-243
only allows the plaintiff six months to challenge a benefit year determination. The defendant further argues that the plaintiff's benefit year was determined on December 23, 1993 (to run from December 19, 1993 until December 17, 1994), but the plaintiff did not challenge this determination until September, 1994, well beyond the six month limitation period provided in § 31-243. Therefore, the defendant maintains that it has no jurisdiction to alter the plaintiff's benefit year or to extend unemployment compensation benefits based on such alteration.
 III
General Statutes § 31-230 provides, in pertinent part, that "[a]n individual's benefit year shall commence with the beginning of the week with respect to which he has filed a valid initiating claim and shall continue through the Saturday of the fifty-first week following the week in which it commenced. . . ."
General Statutes § 31-235 provides that an unemployed individual shall be eligible to receive unemployment compensation benefits with respect to any week, provided that individual satisfies the conditions set forth in that section.
General Statutes § 31-236, which governs disqualifications, provides, in pertinent part: "An individual shall be ineligible for benefits. . . . [d]uring any week with respect to which the individual has received or is about to receive remuneration in the form of (A) wages in lieu of notice or dismissal payments, including severance or separation payment by an employer to an employee beyond the employee's wages upon termination of the employment relationship, unless the employee was required to waive or forfeit a right or claim independently established by statute or common law, against the employer as a condition of receiving the payment, or any payment by way of compensation for loss of wages, or any other state or federal unemployment benefits. . . ."
General Statutes § 31-243 provides, in pertinent part' "[j]urisdiction over benefits shall be continuous but the initiating of a valid appeal under § 31-242 or the pendency of valid appellate proceedings under § 31-249 shall, if the appellate tribunal has taken jurisdiction, stay any proceeding hereunder, but only in respect to the same period and the same parties, but shall not cause the cessation of payment of benefits as provided by § 31-242. Where the appellate tribunal has not taken jurisdiction, upon his own initiative, or upon CT Page 8731 application of any party in interest, the administrator, or the examiner designated by him, may, at any time within six months after the date ofthe original decision, or within such other time limits as may be applicable under § 31-273, review an award of benefits or the denial of a claim therefor, in accordance with the procedure prescribed in respect to claims, and may issue a new decision, which may award, terminate, continue, increase or decrease such benefits." (Emphasis added.) The administrator has no authority to review a determination made over six months ago. Morris v. Administrator, Unemployment CompensationAct, 20 Conn. Sup. 107, 108, 125 A.2d 491 (1956). Section 31-243 gives the administrator continuous jurisdiction over unemployment compensation benefits for a period of six months. Cicala v. Administrator,161 Conn. 362, 365-66, 288 A.2d 66 (1971). The administrator may only review an award of unemployment compensation benefits pursuant to the conditions delineated in § 31-243. Finkenstein v. Administrator,192 Conn. 104, 110-11, 470 A.2d 1196 (1984).
 CONCLUSION
In this case, the plaintiff did not file a request to have her benefit year invalidated until eight months after the date of the original decision. Since the plaintiff's request was not filed within six months of the original decision, the administrator had no jurisdiction to invalidate the plaintiff's benefit year.
In light of the standard of review discussed in Part I, the court cannot conclude that the Board's decision resulted from an incorrect application of the law to the facts found, nor can this court conclude that the Board's decision does not reasonably or logically follow from the facts in the record. Thus, the court concludes that the Board did not act unreasonably, arbitrarily, illegally, or in abuse of its discretion in determining that the plaintiff lacked good cause for filing a late appeal. The plaintiff's appeal is dismissed.
Holden, J.